JOSEPH G. DEERING *& als. versus* RUFUS M. LORD.

Where an attachment of a vessel is made on a writ to preserve a *lien*, given by the statute, if, in the plaintiff's account sued, are embraced items for which he has no lien, the attachment is not; for that cause, void; but, if a non-lien item should be included in the *judgment* rendered in the suit, the attachment will be thereby vacated.

If such writ contain no direction to the officer to attach *the ship*, but only "to attach the goods and estate of" the debtor, the attachment of the ship will be invalid, as against one who, previous thereto, had become the purchaser of it, from the builder.

So, if a mortgagee hold the ship, and there is no specific direction in the writ to attach it, an attachment of it will be void, unless the attaching creditor make to the mortgagee the tender required by c. 114, § 70, of R. S. of 1841.

REPLEVIN of a ship. The defendant pleaded *non cepit*, and, in his brief statement, avows the taking and prays return, setting forth in proper form, that he took the ship as a deputy of the sheriff of this county, by virtue of a writ of attachment in favor of Page & als. of Boston, against E. & E. Perkins of Biddeford, in which writ the plaintiff claimed to recover of said defendants for iron, &c., used in the building of said ship, which was attached on said writ, within the time prescribed for preserving the liens, given by statute to persons who work upon and furnish materials for a vessel while in process of building.

At the trial, before RICE, J., the plaintiffs introduced a contract, made between the plaintiffs and said E. & E. Perkins, for building the ship, dated Dec. 9, 1853.

Also a mortgage bill of sale of the ship, (then in the process of building,) from said E. & E. Perkins to plaintiffs, which had been duly recorded in the town clerk's records of Biddeford.

The defendant introduced the writ on which he attached the ship; the action instituted by it being still pending.

There was evidence tending to show, that some of the items in the account annexed to the writ, were for materials which were not used in the construction of this ship. It appeared, that while the said E. & E. Perkins were building this ship, they were also building another of the same description in the same yard; that Messrs. Page & Co., furnished the iron for both ships, charging the same to the builders in general account, as the orders of the builders did not distinguish for which ship the iron ordered was to be used. The ship in controversy, was launched some time after the other had been completed; and the purchasers of the other ship had paid to Page & Co., more than one-half of the amount of their account against said E. & E. Perkins.

The case was withdrawn from the jury, the parties agreeing that the presiding Judge should REPORT the evidence for the decision of the full Court.

There was much testimony introduced by either party as appears by the report, but none of it bears upon the questions which are determined by the opinion of the Court.

The case was argued by

*T. M. Hayes*, for plaintiffs, and by

*Eastman & Leland*, for defendant.

The opinion of the Court was drawn up by

TENNEY, C. J. — The right of the plaintiffs to the vessel in question, is under a mortgage to them from E. & E. Perkins, duly recorded on March 14, 1854. The only interest

in the same property, or right thereto as disclosed in the pleadings, claimed by Page, Briggs & Babbitt, in whose favor a writ was made against said E. & E. Perkins, and an attachment returned by the defendant on Nov. 7, 1854, to secure a lien on the same property for materials alleged to have been furnished by them, and in the construction thereof, is said lien and attachment.

The case shows that, at the time of the trial, Page, Briggs & Babbitt had not taken judgment in their action against E. & E. Perkins; and, if a lien existed upon the property in their favor, to any amount, the vessel being indivisible, it might be secured by an attachment duly made, notwithstanding the account annexed to the writ, may embrace some items not covered by the lien. These items can be stricken from the writ, which would be amended accordingly, by leave of Court, at any time before judgment. *Spofford* v. *True*, 33 Maine, 283.

The statute gives a lien to any person who shall furnish materials, for or on account of any vessel building or standing on the stocks, for such materials. And this lien is not defeated by a mortage of the same vessel, made before or after the materials are furnished, provided the materials are actually used in the construction of the vessel. The provision that the attachment to secure the lien, shall take precedence of all other attachments, does not imply that it shall not take precedence of mortgages upon the same property, inasmuch as the lien is to attach without any qualifying language. R. S. of 1841, c. 125, § 35.

Another material question involved in this case is, whether Page, Briggs & Babbitt took the steps to make their lien available under the statute. The mode of obtaining the benefits of liens under the statute invoked in this case, does not substantially differ from that provided by the statute of 1848, c. 72, § 1, entitled " An Act, giving to laborers on lumber, a lien thereon." Both these Acts provide that, the liens are to be eventually secured by attachments of the property, subject to the liens, though the time when those attachments

are to be made are not the same, under the two statutes, if the property is owned by a person who is not the debtor of the party claiming the lien.

In the case of *Redington & al.* v. *Frye*, 43 Maine, 578, CUTTING, J., in delivering the opinion of the Court, says: "The officer had no concern with the averments in the declaration, or with the indorsements of an attorney on the writ, when inconsistent with the express commands within dictated."

The defendants in the writ of Page, Briggs & Babbitt, had parted with their right in the vessel by their mortgage of March 14, 1854, to the plaintiffs in this action, subject only to the right to redeem, according to the condition in the same mortgage. The legal title of the property was in these plaintiffs. No steps were taken by Page, Briggs & Babbitt to secure this right to redeem, under the R. S. of 1841, c. 114, § 70, but they rely exclusively upon their lien under the statute, by their pleadings and the argument of counsel.

The directions in the writ to the Sheriff and his deputies, of *Page, Briggs & Babbitt* v. *E. & E. Perkins*, partners in trade, is to attach the goods and estate of the defendants named in the writ, and nothing else. The writ contains no direction to attach the property of those who are strangers to that suit, and hence the attachment by the defendant in this action was inconsistent with the commands of the precept to him. And there is no foundation for the judgment *in rem* against the vessel in question. *Bicknell* v. *Trickey*, 34 Maine, 283.

According to the agreement of the parties, the plaintiffs being entitled to maintain this action, judgment must be entered in their favor.

HATHAWAY, APPLETON, CUTTING, and MAY, J. J., concurred.